IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JULIUS GREER | : | NO. 10-711-1 |

## MEMORANDUM

**Padova, J.**                                                                                    **August 17, 2011**

Defendant Julius Greer has been charged with conspiracy to commit robbery that interfered with interstate commerce in violation of 18 U.S.C. § 1951(a) (Count I); robbery that interfered with interstate commerce, and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and § 2 (Count II); using or carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and § 2 (Count III); and possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count IV).  Before the Court is Defendant's Motion to Dismiss the Indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.  In the Motion, Defendant asserts that his right under the Speedy Trial Act to be brought to trial within 70 days has been violated.  For the reasons that follow, we deny the Motion.

As a general rule, under  § 3161 of the Speedy Trial Act, "the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C.  § 3161(c)(1).  However, in calculating the 70 day time period, the Court must exclude "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . .  any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition

of, such motion." Id. § 3161(h)(1)(D).  The Speedy Trial Act further provides that "any period of delay resulting from a continuance granted by [a] judge" "shall be excluded . . . in computing the time within which the trial of any such offense must commence."  Id. at § 3161(h)(7)(A).  For the continuance time to be excludable, however, the trial judge must put on the record "the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id.  In the end, if, taking account of all allowable exclusions, trial is not commenced within 70 days, the court must dismiss the indictment, but may do so either with or without prejudice.  Id. § 3162(a)(2).

The Indictment in this case was filed on October 28, 2010, and we scheduled Defendant's trial for December 20, 2010.  We subsequently entered seven Orders that resulted in the exclusion of time from Speedy Trial calculations.  Because of those exclusions, the Speedy Trial clock has been tolled continuously since December 15, 2010, when we issued an Order granting a Motion for a continuance filed by Defendant.  The only non-excludable time that has elapsed is the 48 days that passed between the filing of the Indictment on October 28, 2010, and our December 15, 2010 Order granting Defendant's first Motion for a continuance.

Defendant does not dispute these calculations.  Rather, Defendant argues that four of the exclusions mentioned above were improper.  Specifically, Defendant challenges (1) our December 15, 2010 Order granting Defendant's Motion for a continuance and excluding the time from December 15, 2010, to Defendant's next scheduled trial date of March 21, 2011; (2) our March 16 Order excluding the time from March 16 to the disposition of two pending Motions filed by Defendant (a Motion for Early Disclosure of Jencks Act Material and a Motion to Resolve a Potential Conflict); (3) our June 23 Order excluding the time from June 23 to the disposition of a

Government Motion to preclude a recently-disclosed alibi defense; and (4) our June 27 Order continuing Defendant's trial sua sponte and excluding the time from June 27 to the next scheduled trial date, which we subsequently set for August 8.

Defendant argues that our December 15, 2010 Order granting his Motion for a continuance and excluding the time from December 15, 2010, to March 21, 2011, was improper because his attorney had not consulted with him prior to filing the Motion. Defendant now contends that, if his attorney had consulted with him, he would not have agreed to move for a continuance, even though, with only one week remaining before trial, the defense had not yet received discovery and defense counsel had not yet determined whether a non-trial disposition was possible. Based on defense counsel's representations in the Motion, we properly determined that failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," see 18 U.S.C. 3161(h)(7)(B)(iv), and on that basis we concluded that "the ends of justice served" by granting the continuance "outweigh[ed] the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). With respect to Defendant's alleged undisclosed disagreement with the Motion, we note that the Motion began by stating that "Julius Greer, by his counsel undersigned, respectfully requests that the Court continue the trial," (Def.'s Mot. for a Continuance, Docket No. 29), and that Defendant never notified us – by motion, by letter, or in any of his numerous appearances before this Court – that he opposed such a continuance. Accordingly, we conclude that our Order granting his Motion for a continuance and excluding the time attributable thereto was proper. Moreover, Defendant has cited no authority for the proposition that his prior attorney's alleged failure to consult with him on a Motion for a continuance filed more than nine months ago, and for plainly

understandable reasons, could possibly justify the dismissal of the Indictment at this point, nor have we located any such authority. Accordingly, we conclude that dismissal of the Indictment on the basis of our December 15, 2010 Order is not warranted.

With respect to our March 16, 2011 Order, which resulted in the exclusion of the time from March 16 to May 11 while both Defendant's Jencks Act Motion and Defendant's Motion to Resolve a Potential Conflict were pending. Defendant argues that Federal Rule of Criminal Procedure 12(d) required us to resolve his Jencks Act Motion more quickly. It did not. By its terms, Rule 12(d) requires only that the Court "decide every pretrial motion before trial." Fed. R. Crim. P. 12(d). As Defendant recognizes, on March 8, while Defendant's Jencks Act Motion was pending, defense counsel brought a potential conflict to our attention, and the resolution of that conflict required us to conduct waiver colloquies with Defendant and with three alleged co-conspirators, and ultimately required us to appoint new counsel to lead the defense. We appointed new counsel on April 6 and noticed the trial for approximately one month later on May 9, in order to give new counsel the time to review the record and prepare a defense. After new counsel received and reviewed discovery, he informed us that the Government had turned over the requested Jencks Act material. We then promptly dismissed the Jencks Act Motion as moot on May 11. In these circumstances, we cannot conclude that our exclusion of the time from March 16 to the disposition of the Jencks Act and Potential Conflict Motions was improper. Accordingly, we conclude that dismissal of the Indictment on the basis of our March 16 Order is not warranted.

With respect to our June 23 Order excluding the time from June 23 to Defendant's next scheduled trial date, Defendant argues that pretrial motions filed by the Government do not properly trigger the exclusion of time under the Speedy Trial Act. However, the Speedy Trial Act, by its

terms, excludes "delay resulting from <u>any</u> pretrial motion." 18 U.S.C. § 3161(h)(1)(D) (emphasis added). Accordingly, we conclude that the exclusion of time resulting from our June 23 Order was appropriate. Moreover, the time excluded by our June 23 Order was also excluded pursuant to other Orders. In particular, our May 25 Order excluded the time from May 25 to June 27, and our June 27 Order excluded the time from June 27 to August 8, at which point we had disposed of the Government's Motion to preclude the alibi defense. For these reasons, we conclude that dismissal of the Indictment on the basis of our June 23 Order is not warranted.

With respect to our June 27 Order granting a continuance sua sponte and excluding the time attributable thereto, Defendant asserts that we granted the continuance "to provide the Government an opportunity to further investigate the alibi defense" (Def.'s Mot. to Dismiss ¶ 11), and argues that we should not have granted the continuance because the Government had already had sufficient time to investigate the recently-disclosed alibi. Even if Defendant were correct that the period of approximately three weeks between the first disclosure of the alibi witness and the filing of the Government's Motion provided adequate time for the Government to fully investigate the alibi witness, the Government's intent to further investigate the alibi was just one of several bases on which we granted the continuance. As we explained in our June 27 Order, we properly granted a continuance and excluded the time attributable thereto pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(iv), in order to allow both parties time to fully brief the Motion, to allow the Court time to consider and decide it, and to allow both parties to adjust their trial preparation in light of the Motion and the evidentiary issues it raised. "The alternative—a hasty decision on [a] pivotal motion[] in a criminal case—[wa]s simply unacceptable." <u>United States v. Kraselnick</u>, 702 F. Supp. 489, 493 (D.N.J. 1988). Accordingly, we conclude that the exclusion of time resulting from our June

27 Order was appropriate, and that dismissal of the Indictment on the basis of our June 27 Order is not warranted.

For the reasons set forth above, we deny Defendant's Motion to Dismiss the Indictment.  An appropriate Order follows.

BY THE COURT:


/s/ John R. Padova
_____
John R. Padova, J.