IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 10-711-01 |
| | : | |
| JULIUS GREER | : | |

## MEMORANDUM

**Padova, J.**                                                                                       **March 16, 2017**

Before the Court is Julius Greer's Motion to Vacate Conviction and Dismiss Count Three. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

On October 18, 2011, Greer was convicted by a jury of Counts I-IV of Indictment No. 10-711, which charged him with conspiracy to commit robbery that interfered with interstate commerce in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act") (Count I); robbery that interfered with interstate commerce, and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and § 2 (Count II); use and carrying of a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and § 2 (Count III); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count IV). "The charges against Greer arose from an October 2009 robbery that occurred in the offices of UACT, a property management company located near Drexel University in Philadelphia, Pennsylvania." United States v. Greer, 527 F. App'x 225, 227 (3d Cir. 2013), vacated on other grounds, Greer v. United States, 134 S. Ct. 1875 (2014). Two of Greer's coconspirators went into the office and "pointed a gun at one of UACT's owners, beat her with a crow bar, bound her hands and feet, and covered her mouth with duct tape. They then stole jewelry and other items from the office." Id. (footnote omitted).

On March 27, 2012, we sentenced Greer to 96 months of imprisonment on each of Counts I, II, and IV, to be served concurrently, and 84 months of imprisonment on Count III, to be served consecutively. Greer objected to the seven-year sentence with respect to Count III, arguing that we improperly applied the seven-year mandatory minimum sentence for brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), even though "the indicted offense carried a mandatory minimum of five years." United States v. Greer, 645 F. App'x 205, 206 (3d Cir. 2016). We overruled his objection because, at that time, the precedent in this Circuit "did not require a jury finding on the brandishing question." Id. Greer appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit, which affirmed. See Greer, 527 F. App'x at 235. The following week, the Supreme Court held in Alleyne v. United States, 570 U.S. --, 133 S. Ct. 2151 (2013), that the brandishing provision of § 924(c) "is an 'element of a separate, aggravated offense that must be found by the jury.'" Greer, 645 F. App'x at 206 (quoting Alleyne, 133 S. Ct. at 2162). Greer filed a petition for rehearing by the Third Circuit based on Alleyne. Id. The Third Circuit denied his petition. Id. He then filed a petition for writ of certiorari with the Supreme Court. On April 21, 2014, the Supreme Court granted the petition, vacated Greer's judgment, and remanded the case to the Third Circuit "for further consideration in light of Alleyne." Greer v. United States, 134 S. Ct. 1875 (2014).

On March 31, 2016, the Third Circuit remanded the case back to this Court for resentencing consistent with Alleyne. Greer, 645 F. App'x at 207. Greer then filed the instant Motion to Vacate Conviction and Dismiss Count Three, arguing that his conviction on Count III should be vacated pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act is void for vagueness). He subsequently asked that we stay our consideration of that Motion pending the decision of the Third Circuit in United

States v. Robinson, 844 F.3d 137 (3d Cir. 2016), in which the Third Circuit was considering a similar issue. The Third Circuit decided Robinson on December 19, 2016.

**II.   DISCUSSION**

Count III of Indictment 10-711 charged Greer with violating 18 U.S.C. § 924(c), which provides as follows:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C.A. § 924. The statute defines the term "crime of violence" for purposes of this section as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and --
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." Robinson, 844 F.3d at 141.

Greer asks us to vacate his conviction on Count III and dismiss that Count on the ground that there is no legal basis for his conviction because the Hobbs Act conspiracy and robbery charges of which he was convicted in Counts I and II are not crimes of violence within the

meaning of the elements clause of § 924(c) and because the residual clause of § 924(c) is unconstitutionally vague under Johnson. Greer's argument, however, has been foreclosed by the Third Circuit's decision in Robinson. The defendant in Robinson, like Greer, had been convicted of Hobbs Act robbery and had also been convicted of brandishing a firearm in the commission of that robbery in violation of 18 U.S.C. § 924(c). 844 F.3d at 139. The defendant appealed and asked the Third Circuit "to overturn his conviction on the § 924(c) offense on the basis that Hobbs Act robbery is not a 'crime of violence.'" Id. The Third Circuit rejected his argument and held that "when, as here, the two offenses, robbery and brandishing a gun, have been tried together and the jury has reached a guilty verdict on both offenses, the Hobbs Act robbery qualifies as a crime of violence under the 'elements clause' of 18 U.S.C. § 924(c)(3)(A)." Id. The only difference between the instant case and Robinson is that Greer was charged and convicted of "using or carrying" a firearm rather than "brandishing" a firearm. The Third Circuit has determined that this difference is irrelevant. In United States v. White, No. 15-1970, 2017 WL 497659 (3d Cir. Feb. 7, 2017), the Third Circuit held that the commission of a Hobbs Act robbery by the use or carrying of a firearm constitutes a crime of violence within the meaning of § 924(c):

> Although Robinson dealt with a defendant who had brandished a firearm while committing the robbery—rather than using or carrying a firearm, as White did -- the concurrence noted that the underlying facts made no difference. The Hobbs Act criminalizes a robbery that involves use of "actual or threatened force"; § 924(c) imposes a sentence enhancement for the commission of a crime that involves "the use, attempted use, or threatened use of physical force" when the defendant also "uses or carries a firearm." Accordingly, "[t]he definition of Hobbs Act robbery borrows conceptually, if not linguistically, from § 924(c)(3)(A)'s definition of 'crime of violence.'"

Id. at *1 (affirming defendant's conviction for using or carrying a firearm in connection with a crime of violence in violation of § 924(c) because the defendant was

"convicted of Hobbs Act robbery while using or carrying a firearm" (quoting Robinson, 844 F.3d at 144 and citing Robinson, 844 F.3d at 151)).

  The jury convicted Greer of conspiracy to commit Hobbs Act robbery (Count I), Hobbs Act robbery (Count II), and using or carrying a firearm in connection with that robbery (Count III).  Since Greer was tried on both the Hobbs Act robbery and the using or carrying a gun offenses together, "and the jury has reached a guilty verdict on [all] offenses, the Hobbs Act robbery qualifies as a crime of violence under the 'elements clause' of 18 U.S.C. § 924(c)(3)(A)."  Robinson, 844 F.3d at 139.  Greer's Motion to Vacate Conviction and Dismiss Count Three is therefore denied.  An appropriate order follows.

            BY THE COURT:

            /s/ John R. Padova

            _____
            John R. Padova, J.